**James A. WALTERS, Appellant,**

v.

**21ST CENTURY INSURANCE CO. & FINANCIAL SERVICES, et al., Appellees.**

**No. 05–11–01391–CV.**

Court of Appeals of Texas, Dallas.

Nov. 10, 2011.

Rehearing Overruled Dec. 13, 2011.

James A. Walters, Dallas, pro se.

Robert T. Walls, Jr., Amis & Farish, Arlington, for Appellees.

Before Justices BRIDGES, MARTIN RICHTER, and MURPHY.

2. *See* footnote 1.

## OPINION

Opinion By Justice BRIDGES.

On October 6, 2011, appellant filed his "motion for an extension of time to file the appeal; and the appellant's record and to cause all statutory and rule pre-requisites to be met and extended before the appeal is actually heard for good cause not attributable to any acts or errors of appellant." On October 12, 2011, appellant amended his motion. On October 13, 2011, he filed his notice of appeal.

To invoke this Court's jurisdiction, a party must file a timely notice of appeal. *See* Tex.R.App. P. 25.1(b). A notice of appeal must be filed within thirty days of the date of judgment if no motion for new trial is filed or within ninety days of the date of judgment if a motion for new trial is filed. *See* Tex.R.App. P. 26.1.

Appellant states that he is appealing a judgment that was entered on February 18 and/or February 25, 2011. Assuming a timely motion for new trial was filed and using the February 25 date, the notice of appeal was due, at the latest, on June 5, 2011. Because June 5 was a Sunday, appellant was required to file the notice of appeal by June 6, 2011. Walters filed his notice of appeal on October 13, 2011, more than three months past its due date. Appellant claims to have filed an "oral" notice of appeal with the trial court in February, and mentions his two petitions for writ of mandamus in his motion. However, neither an oral notice of appeal nor an original proceeding constitutes a notice of appeal within the meaning of the rules of appellate procedure. *See* Tex.R.App. P. 26.1.

Walters's notice of appeal failed to invoke this Court's jurisdiction because it was untimely filed. Accordingly, we dismiss this appeal for want of jurisdiction. *See* Tex.R.App. P. 42.3(a).